FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 12 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DEMETRIUS KNIGHT, MISHAN MULLINS**            **PLAINTIFFS**
**and TAMMY BOGGS, Each Individually and**
**on Behalf of all Others Similarly Situated**

VS.                      No. 4:18-cv-_921-SWW_

**GOLDEN CAKES, INC., and MARTIN GUNACA**            **DEFENDANTS**

<u>**ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION**</u>

COME NOW Plaintiffs Demetrius Knight, Mishan Mullins and Tammy Boggs ("Plaintiffs"), by and through their attorneys Daniel Ford, Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Class and Collective Action against Defendants Golden Cakes, Inc., and Martin Guanaca ("Defendants"), they do hereby state and allege as follows:

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

**I.    INTRODUCTION**

1.    Plaintiffs have brought this lawsuit for unpaid overtime and minimum wages resulting from Defendants' actions, including but not limited to: artificially lowering the number of recorded hours Plaintiffs worked in a week, directing and requiring servers to claim tips that they did not receive, and requiring servers to work at a tipped minimum wage when performing non-tipped work.

2.    This is a hybrid class and collective action for wages owed. Defendants own and/or operate an International House of Pancakes ("IHOP") restaurant in Faulkner County, located at 1161 Old Morrilton Highway, Conway, Arkansas 72032, among other

IHOP locations.

3. Plaintiffs were hourly paid employees at IHOP in Conway. They were paid $2.63 per hour plus tips when working as a server, and $8.50 when working as a cook.

4. Plaintiffs and other servers spent more than 20% of their time performing non-tipped duties for Defendants such as taking phone orders, preparing food, stocking the salad bar, cleaning, making tea, and rolling silverware. Because Plaintiffs and other servers spent more than 20% of their time performing non-tipped duties for Defendants, Defendants were required to pay Plaintiffs and their other servers at least $7.25 per hour under federal law and $8.50 under state law.

5. Plaintiffs were additionally made to work hours for which they were not paid and were made to claim tip credits on their paychecks for more money than they actually made in tips.

6. Defendants' policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Plaintiffs and others similarly situated are not compensated at a minimum of $7.25 and/or $8.50 per hour.

7. Plaintiffs bring this suit individually and on behalf of all other servers employed by Defendants.

## II. JURISDICTION AND VENUE

8. This is an action brought by Plaintiffs on behalf of themselves and all others similarly situated against Defendants for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

9. Plaintiffs and all those similarly situated seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including a

reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendants' failure to pay minimum wages under the FLSA and the AMWA.

10. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

11. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

12. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

13. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

14. Plaintiffs Knight and Boggs are citizens and residents of Faulkner County.

15. Plaintiff Mullins is a citizen and resident of Spartanburg County, South Carolina.

16. Plaintiff Knight worked for Defendants as an hourly employee, primarily a cook, beginning in approximately March of 2018.

17. Plaintiff Mullins worked for Defendants as a server from approximately March of 2018 until June of 2018.

18. Plaintiff Boggs worked for Defendants a server from approximately July of 2018 through September of 2018.

19. Plaintiffs, as employees of Defendants, were engaged in commerce or in the production of goods for commerce.

20. Defendant Golden Cakes, Inc., is an Arkansas for-profit corporation that owns and operates IHOP restaurants throughout Arkansas.

21. Separate Defendant Martin Gunaca ("Gunaca") is the President, CEO and Incorporator of Golden Cakes, Inc., and has control over the day-to-day operations of its various restaurants.

22. Together, Defendants own and operate ten IHOP locations in North Little Rock, Conway, Little Rock, Fayetteville, Searcy, Russellville, Bryant and Maumelle.

23. Defendants have a centralized headquarters in Little Rock, from which Defendants operate the business, including the creation and implementation of pay policies.

24. Gunaca was personally involved in the development and implementation of pay policies for the IHOP locations he owned and operated through Golden Cakes, Inc.

25. Gunaca played an active role in the hiring and firing of Golden Cakes, Inc.'s employees.

26. Gunaca managed the day-to-day operations of Golden Cakes, Inc.

27. Separate Defendant Golden Cakes, Inc.'s, registered agent for service of process is Mitchell Berry, who may be served at 415 North McKinley, Suite 1177, Little Rock, Arkansas 72205.

28. Defendants' annualized gross volume of sales made or business done is not less than $500,000.00.

29. Defendants employ individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

30. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV.   FACTUAL ALLEGATIONS

31. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32. Plaintiffs were employed by Defendants as cooks and servers at IHOP during the time period relevant to this lawsuit.

33. Plaintiffs and those similarly situated worked as hourly, non-exempt employees for Defendants.

34. Defendants pay their servers less than the federal minimum wage of $7.25 per hour. Instead of paying the required minimum wage, Defendant purports to take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

35. Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

36. As servers, Plaintiffs and those similarly situated performed both duties that generated tips, such as delivering food to customers ("tipped work"), and duties that

did not generate tips, such as rolling silverware, preparing and stocking food stations, and bussing tables after customers have left ("non-tipped work").

37. Some of Plaintiffs' non-tipped work is unrelated to the tipped work.

38. Defendants do not distinguish between time spent by servers on tipped work and time spent by servers on non-tipped work.

39. Non-tipped duties occupy more than twenty percent of Plaintiffs' time working.

40. Defendants paid Plaintiffs and those similarly situated the same rate—below the applicable minimum wages—for both tipped work and non-tipped work.

41. As a result of the policies put in place by Defendants, Plaintiffs and those similarly situated were often required to perform non-tipped work for less than minimum wage.

42. Plaintiffs and all those similarly situated are entitled to the return of their tips and wages and compensation based on the standard minimum wage for all hours worked.

43. Additionally, Plaintiffs, including both servers and cooks, were not paid for all the hours that they worked.

44. For example, Plaintiffs were sometimes paid for less hours than their timesheets reflected that they worked in that week.

45. Furthermore, Plaintiffs were often forced to report a tip credit of more money than they had actually earned in tips, making it appear that they had been paid a proper minimum wage despite the fact that they had not been.

46. Sometimes, Plaintiffs were made to claim tip credits even though they had

received no tips whatsoever.

47.     For example, during one shift, Plaintiff Boggs was made to report a $50.00 tip credit when she had only actually received no tips at all.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.  FLSA § 216(b) Collective

48.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

49.     At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

50.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 206 and 216(b), specifically as follows:

> **All hourly employees working in Defendants' restaurants within the last three years.**

51.     The members of the collective action class are similarly situated in that they worked at the same locations, were similarly classified as hourly, non-exempt employees by Defendants, and were subject to the universal pay policies that are the subject of this lawsuit.

52.     At all relevant times, Defendants directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

53. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

54. Plaintiffs and the Collective have suffered, and will continue to suffer, irreparable damage from Defendants' illegal policy, practice, and custom regarding pay for servers.

55. Defendants have engaged in continuing violations of the AMWA and the FLSA.

56. Plaintiffs and all other similarly-situated employees were denied their wages as a result of Defendants' pay practices. This violation was intended by Defendants and was willfully done.

57. Defendants' actions in denying tips and wages to Plaintiffs and all other similarly-situated employees were intentional and constitute a willful violation of the FLSA.

### B. AMWA Rule 23 Class

58. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the AMWA pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. Plaintiffs propose to represent the class of hourly, non-exempt who are/were employed by Defendants within the relevant time period within Arkansas.

60. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and

can only be ascertained through appropriate discovery, Plaintiffs believes that over 300 class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period within the State of Arkansas.

61. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

(a) Whether Plaintiffs and others similarly situated were required to perform non-tipped duties for more than 20% of their time while employed by Defendant;

(b) Whether Defendants informed Plaintiffs and others similarly situated about the requirements of 29 U.S.C. § 203(m);

(c) Whether Defendants satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage payments required by the FLSA and the AMWA;

(d) The correct method of calculating back pay;

(e) Whether Plaintiffs and others similarly situated are entitled to compensatory and liquidated damages, and if so, the means of measuring such damages;

(f) Whether Defendants are liable for pre-judgment interest; and

(g) Whether Defendants are liable for attorney's fees and costs.

62. This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, in that Plaintiffs and others similarly situated were denied their wages as a result of Defendants' uniform policy of requiring Plaintiffs and those similarly situated to spend more than 20% of their time on non-tipped duties, in addition to their failure to pay hourly, non-exempt employees for all

hours worked and requiring servers to claim tips that they had not received. These are the predominant issues that pertain to the claims of Plaintiffs and of others similarly situated.

63. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the class.

64. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the class in litigating the common issues on a class-wide, instead of on a repetitive individual, basis;

(b) Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

65. Plaintiffs are not aware of any member of the proposed class who has an interest in individually controlling the prosecution of separate actions, nor are Plaintiffs aware of any other litigation concerning this particular controversy.

66. Class certification is further appropriate under AMWA because Defendants have acted and continue to act on grounds generally applicable to the members of the class and all the requirements under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure are met.

67. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

68. The questions of law and fact common to Plaintiffs and members of the putative class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

69. Defendants have engaged in continuing violations of the AMWA and the FLSA. Plaintiff and the putative Class have suffered, and will continue to suffer, irreparable damage from Defendant's illegal policy, practice, and custom regarding pay for tipped servers.

### VI. FIRST CLAIM FOR RELIEF

**(Collective Action Claims for Violations of the Fair Labor Standards Act)**

70. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

71. This is a collective action filed on behalf of all hourly, non-exempt employees who were required to spend more than 20% of their time on non-tipped duties, did not receive payment for all of the hours they worked and who were forced to claim tips that they did not receive.

72. At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

73. At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Defendant's, as defined by 29 U.S.C. § 203(e).

74. At all relevant times, Defendants were "employers" of Plaintiffs and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

75. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

76. Defendants failed to pay Plaintiffs and all similarly-situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

77. At all relevant times, Defendants willfully failed and refused to compensate Plaintiffs and other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA.

78. Defendants' violations entitle Plaintiffs and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received.

79. Defendants' violations entitle Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

80. Plaintiffs and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF

### (Individual Claims for Violations of the Fair Labor Standards Act)

81. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

82. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

83. At all relevant times, Plaintiffs have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

84. At all relevant time, Defendants were "employers" of Plaintiffs as defined by 29 U.S.C. § 203(d).

85. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

86. At all relevant times, Defendants willfully failed and refused to compensate Plaintiffs for all hours worked at the standard minimum wage under the FLSA.

87. Defendants failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

88. Defendants' violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received.

89. Defendants' violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

90. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claims for Violations of the AMWA)

91. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

92. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

93. At all relevant times, Plaintiffs have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

94. At all relevant times, Defendants were "employers" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

95. Defendants failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work.

96. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

97. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

98. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result

thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

99. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF

### (Class Action Claims for Violations of the AMWA)

100. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

101. Plaintiffs, each individually and on behalf of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

102. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

103. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

104. At all relevant times, Defendants were "employers" of Plaintiffs and all other similarly situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

105. Defendants failed to pay Plaintiffs and other similarly situated employees the minimum wages required under the AMWA for tipped work and for non-tipped work.

106. Defendants additionally failed to pay Plaintiffs and other similarly situated employees for all of the hours that they worked.

107. Defendants required Plaintiffs and other similarly situated employees to claim a higher tip credit than the actual tips they received.

108. Plaintiffs propose to represent the AMWA liability class of individuals defined as follows:

**All hourly restaurant employees in Arkansas within the past three years.**

109. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

110. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations that occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

111. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

112. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Demetrius Knight, Mishan Mullins and Tammy Boggs, each individually and on behalf of all members of the putative class respectfully request this Court grant the following relief:

(a) Summon each Defendant to appear and answer herein;

(b) Declaratory judgment that the practices complained of herein are unlawful under Arkansas and federal law;

(c) Certification of classes pursuant to the FLSA and the Federal Rules of Civil Procedure, with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

(d) Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and putative class members are entitled;

(e) Award Plaintiffs and putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(h) An award to Plaintiffs of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(i)     All such other and further relief to which this Court may find Plaintiff entitled.

                Respectfully submitted,

                **DEMETRIUS KNIGHT, MISHAN MULLINS and TAMMY BOGGS, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

Sanford Law Firm, PLLC
One Financial Center
650 S. Shackleford Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com